UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cory Stilp and Laura Stilp,

              Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 12-3098 ADM/JJK

HSBC Bank USA, N.A. as
Trustee for Wells Fargo Asset
Securities Corp.; Wells Fargo
Bank, N.A.; Shapiro & Zielke, LLP;
and Reiter & Schiller P.A.,

              Defendants.

---

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Charles F. Webber, Esq., and Elizabeth A. Walker, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Defendants HSBC Bank USA, N.A., Wells Fargo Asset Securities Corp., and Wells Fargo Bank, N.A.

Kalli L. Ostlie, Esq., and Amanda M. Govze, Esq., Shapiro & Zielke, LLP, Burnsville, MN, on behalf of Defendant Shapiro & Zielke, LLP.

Curt N. Trisko, Esq., and Rebecca F. Schiller, Esq., Reiter & Schiller, P.A., St. Paul, MN, on behalf of Defendant Reiter & Schiller, P.A.

---

## I. INTRODUCTION

On February 22, 2013, the undersigned United States District Judge heard oral argument on Defendants' Motions to Dismiss [Docket Nos. 4, 6, and 11] and on Plaintiffs' Motion to Remand to State Court [Docket No. 23]. For the reasons set forth below, the motions to dismiss are granted and the motion to remand is denied.

## II.  BACKGROUND[1]

Plaintiffs Cory and Laura Stilp reside in a home they purchased in January 2005, in Lindstrom, Minnesota.  Compl. [Docket No. 1] ¶ 2.  On October 27, 2006, Plaintiffs signed a 30-year mortgage, borrowing $543,000 from Central Bank, a Minnesota Banking Corporation ("Central Bank").  Compl. ¶ 8, Ex. 2.  The mortgage named Mortgage Electronic Registration Systems, Inc. ("MERS") as the initial mortgagee, as nominee for Central Bank.  Id. at Ex. 2.  By April 2008, the Plaintiffs defaulted on their loan.[2]

The Mortgage Note anticipates the possibility of its assignment and the transfer of rights in property, including the right to foreclose if Plaintiffs fail to pay their mortgage:

> This Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower [the Stilps] does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's *successors and assigns*) and *to the successors and assigns of MERS*, with power of sale, the following described property . . . .

Id. (emphasis added).  The Note then describes Plaintiffs' home in Lindstrom, Minnesota.

Defendant law firms, Shapiro & Zielke, LLP ("Shapiro") and Reiter & Schiller P.A. ("Reiter") (collectively, the "Law Firms") provide legal services for MERS and for Defendant banks, HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corp. ("HSBC") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Banks").  On April 28, 2008, the

---

[1] In considering Defendants' Motion to Dismiss, the Court considers the facts alleged in Plaintiffs' Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). The Court may also consider materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

[2] The record here does not indicate when the Plaintiffs stopped paying their mortgage, but there appears to be no factual dispute that Plaintiffs are in default, and were in default prior to the first filing of Notice of Pendency and Power of Attorney to Foreclose.

Reiter firm drafted and recorded, in the Chisago County property records, a Notice of Pendency and Power of Attorney to Foreclose Mortgage, executed by Yolanda Williams as "Assistant Secretary" of MERS.  Compl. Ex. 3.  Over the next four years, Defendant law firms filed at least five separate Notices of Pendency and Power of Attorney ("POA") documents in the Chisago County property records.  For each POA, Plaintiffs claim, "upon information and belief, [named attorney] did not have legal authority to execute" the POA, on the recorded date.  Also during this four year period, MERS used duplicative filings to twice assign the mortgage ("AOM") to HSBC, with Wells Fargo acting as attorney-in-fact on behalf of HSBC.  Compl. ¶¶ 10–24.  Plaintiffs challenge, "upon information and belief, the legal authority of the individuals who executed the AOMs."  Id.  It is not clear from the Complaint or the parties' Memoranda, what efforts were made to modify the loan or actually foreclose the mortgage prior to the final POA on December 23, 2011.  Compl. ¶ 23.

On March 7, 2012, the Shapiro firm proceeded with foreclosure by advertisement.  Shapiro gave Plaintiffs notice of the pending Sheriff's sale and prepared a Sheriff's Certificate stating that HSBC had the legal authority to "bid" debt at the sale.  Id. ¶ 25.  On March 23, 2012, Plaintiffs submitted a Postponement Affidavit as they attempted to obtain a loan modification.  Id. ¶¶ 26, 28.  The Sheriff's sale was rescheduled for and completed on September 25, 2012; HSBC had the winning bid of $601,380 and a certificate of sale was recorded in the Chisago County property records on October 2, 2012.  Id. ¶¶ 27, 31.

### III.  DISCUSSION[3]

**A.  Motion to Remand**

Since it challenges the jurisdiction of this Court, Plaintiffs' Motion to Remand will be addressed first.

Plaintiffs filed their lawsuit in State Court in Chisago County on November 11, 2012.  In the Complaint, the Plaintiffs assert claims of slander of title and negligence per se against the Reiter and Shapiro Law Firms.  Both law firms are residents of Minnesota.  Defendants, the Banks and the Law Firms, removed the case to federal court on December 12, 2012.  Plaintiffs' Motion to Remand followed, arguing that the Law Firms' Minnesota residency defeats the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Defendants assert the Law Firms were fraudulently joined for the purpose of defeating diversity jurisdiction.

Plaintiffs' attorney knows from his own prior experience that law firms representing diverse Defendant Banks cannot be fraudulently joined to defeat diversity jurisdiction.  Courts have rejected counsel's similar attempts to defeat diversity jurisdiction on multiple occasions.  Karnatcheva v. JPMorgan Chase Bank, N.A., 871 F. Supp. 2d 834, 838-39 (D. Minn. 2012), aff'd, 704 F.3d 545 (8th Cir. 2013); Nelson v. Bank of N.Y. Mellon, No. 12-1096, 2012 U.S. Dist. LEXIS 141277, *11-12 (D. Minn. Oct. 1, 2012); Dunbar v. Wells Fargo Bank, N.A., 853 F. Supp. 2d 839, 844 (D. Minn. 2012), sanctions awarded in Dunbar v. Wells Fargo Bank, N.A., No. 11-3683, 2012 U.S. Dist. LEXIS 56168 (D. Minn. Apr. 23, 2012) (listing cases).[4]

---

[3] The Eighth Circuit Court of Appeals very recently issued an opinion affirming a District Court dismissal of a Butler filed case nearly identical to the case at hand  Dunbar v. Wells Fargo Bank, N.A., No. 12-2076, slip op. (8th Cir. March 14, 2013).

[4] The one known case to survive a Motion to Dismiss is Mutua v. Deutsche Bank Nat'l Trust Co., Civ. No. 11-3761, 2012 U.S. Dist. LEXIS 59585 (D. Minn. Apr. 20, 2012), where

Turning to the specifics of Plaintiffs' claims, the slander of title claim against the Law Firms is without basis. A law firm acting within the scope of its employment as counsel is "immune from liability to third persons for actions arising out of that professional relationship." Karnatcheva, 871 F. Supp. 2d at 839 (citing McDonald v. Stewart, 182 N.W.2d 437, 440 (Minn. 1970)). Furthermore, attorneys are not liable to their clients' adversary absent evidence of an affirmative misrepresentation. Id. The slander of title claim against the Law Firms arises directly from their actions representing the Banks during the foreclosure proceedings and Plaintiffs have offered no evidence of affirmative misrepresentation.

Plaintiffs next assert the Law Firms are negligent per se for violation of Minn. Stat. §§ 580.02 and 580.05. This negligence per se claim is more "smoke and mirrors." See Welk v. GMAC Mortg., 850 F. Supp. 2d 976, 1003 (D. Minn. 2012); see also Karnatcheva, 871 F. Supp. 2d at 839 (remand denied for fraudulent joinder for claims of conversion, civil conspiracy, negligent misrepresentation, fraud and equitable estoppel). No state or federal court has ever found a violation of Minn. Stat. §§ 580.02 or 580.05 to be negligence per se. When negligence per se is appropriate, showing a violation of a statute substitutes for plaintiff's required showing of duty and breach. Compl. ¶ 51 (citing, Anderson v. State Dept. Of Natural Resources, 693 N.W.2d 181 (Minn. 2005)). But here, there is no indication that §§ 580.02 and 580.05 are negligence per se statutes. If the Minnesota Legislature ever intended §§ 580.02 and 580.05 as per se waivers of law firm immunity, Plaintiffs have offered nothing to show it. The claims Plaintiffs raise against the resident law firms have "no chance of success." Nelson, 2012 U.S.

---

Judge Schiltz denied the motion to dismiss as moot and granted a motion to remand because of "an unusually problematic chain of title." Id. at *7. Mutua presented facts quite different from those before the Court.

Dist. LEXIS 141277 at *12.

Based on Plaintiffs' attorney's own prior experience and the unfounded claim of negligence per se, Plaintiffs' attorney is clearly attempting to fraudulently join resident Law Firms to defeat diversity jurisdiction. Lacking a basis for claiming slander of title and negligence per se Plaintiffs' motion to remand is denied and the claims against the Law Firms are dismissed.

**B. Amending the Complaint**

Plaintiffs argue federal rules of pleading are more strict than state rules of pleading and that as a matter of due process, the Court should allow Plaintiffs to amend their Complaint. Mem. Opp. Mot. to Dismiss [Docket No. 27] 1. Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure allows plaintiffs 21 days after the filing of a motion to dismiss to amend their Complaint without leave of the Court. Despite an extensive history of amending his filed complaints in other cases, Plaintiffs' attorney failed to amend the Complaint here. Furthermore, counsel has not filed a motion to amend the Complaint and his briefing in opposition to dismissal offers no proposals for amendment. Perhaps the explanation for failure to amend is recognition that the Eighth Circuit has already considered and rejected Plaintiffs' attorney's legal arguments in previous cases with regard to pleading standards. See Karnatcheva, 704 F.3d at 545 (affirming the district court's application of federal pleading standards to state substantive law to determine if a complaint sets forth a claim under state law).

**C. Motion to Dismiss Standard of Review**

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as

true.  See Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]."  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief.  See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 826-27 (8th Cir. 2008).  On a motion to dismiss, a court may refer to public records and documents to which the complaint refers.  Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011); Porous Media Corp v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'"  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**1. Determination of Adverse Claims**

In Count 1, Plaintiffs request a determination of adverse interests pursuant to Minn. Stat. § 559.01.  Compl. ¶ 41.  The law has not changed since Judge David S. Doty dismissed an almost identically deficient claim in August 2012.  Novak v. JPMorgan Chase Bank, N.A., No.

12-589, 2012 U.S. Dist. LEXIS 119382, *9-12 (D. Minn. Aug. 23, 2012).

As a threshold for this equitable relief, the law requires a plaintiff have "clean hands" to have standing.  Id. at *10.  It is undisputed Plaintiffs defaulted on their mortgage loan over four years ago.  They seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands.  Id.

Even if Minn Stat. § 559.01 were available to Plaintiffs, a plaintiff must state "facts sufficient to allow the court to draw the reasonable inference" that a defendant "claims a right or title to the property but has no such right or title."  Id. at *11.  Plaintiffs plead upon information and belief that all individuals executing assignments of mortgage and power of attorney lack legal authority to do so.  Plaintiffs believe the individuals executing assignments and POAs are employed by organizations other than the ones on whose behalf they have signed.  Without more, this allegation fails to establish fraud.  Even if the individuals do work for other organizations, it does not mean that they could not also work for or be hired as agents on behalf of different clients.  Absent even an iota of evidence of fraud, these are conclusory allegations which do not state a claim for which relief may be granted.  Id. at *12; see also Karnatcheva, 871 F.Supp.2d at 840-41, 842.

### 2. Declaratory Judgment

In Count 2, Plaintiffs' assertion under Minn. Stat. § 555.02 is unclear and insufficiently pled.  Plaintiffs request the Court declare the Sheriff's sale void and ask the Court to determine "the legal relations arising out of October 2006 loan transaction."  Compl. ¶ 44.  Plaintiffs have provided no factual support for declaring the sheriff's sale void.  To the extent this claim is based on the assertion that the Bank Defendants could not foreclose on Plaintiffs' homes because they were not the holders in due course of the notes, such claim is without merit.  Karnatcheva,

871 F. Supp. 2d at 843 (citing, Jackson v. Mortgage Electronic Reg. Sys., Inc., 770 N.W.2d 487, 500 ("[A] party can hold legal title to the security instrument without holding an interest in the promissory note."))  To the extent that this claim is based on the assignment of foreclosure by advertisement to the Law Firms, Plaintiffs have no standing.  See Karnatcheva, 871 F. Supp. 2d at 842 (Plaintiffs have no standing to challenge agreements of which they are not parties or third party beneficiaries); see also  Blaylock v. Wells Fargo Bank, N.A., No. 12-693, 2012 U.S. Dist. LEXIS 90246 at *15-17 (D. Minn. June 29, 2012) (Plaintiffs' loans specifically authorize securitization, therefore there is no cause of action to challenge defendants' authority to foreclose).  Accordingly, the request for declaratory relief is dismissed.

### 3. Slander of Title

Count 3, Plaintiffs' slander of title claim against HSBC and the Law Firms, is completely frivolous.  Compl. ¶¶ 46-48.  In case after case, the Court has reminded Plaintiffs' attorney that a slander of title claim in Minnesota requires plaintiffs allege four elements: (1) a false statement; (2) was published to others; (3) was published maliciously; and (4) the publication caused Plaintiff pecuniary loss in the form of special damages.  Nelson, 2012 U.S. Dist. LEXIS 141277 at *10 (citing Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000)); Blaylock, 2012 U.S. Dist. LEXIS 90246 at *8-19.  To be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."  Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 226 N.W. 191, 192 (Minn. 1929).  References to amounts due on mortgages are not properly characterized as false or misleading statements.  See Welk, 2012 U.S. Dist. LEXIS 43618 at *13.  In this case Plaintiffs fail to plead the malice element.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Shapiro & Zielke, LLP's Motion to Dismiss [Docket No. 4] is **GRANTED**;

2. Defendant Reiter & Schiller, P.A.'s Motion to Dismiss [Docket No. 6] is **GRANTED**;

3. Defendants HSBC Bank USA, N.A.'s and Wells Fargo Bank, N.A.'s Motion to Dismiss [Docket No. 11] is **GRANTED**;

4. Plaintiffs Cory Stilp's and Laura Stilp's Motion to Remand is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 20, 2013.